IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WALTER E. LAFFERTY, SR., et al.,

        Plaintiffs,

v.                                            CIVIL ACTION NO. 2:10-cv-00175

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending before the court is the defendant's Motion for Summary Judgment [Docket 24]. For the reasons provided below, the Motion is **GRANTED**.

**I.      Background**

      On April 19, 2009, Walter E. Lafferty, Jr., was a passenger in a vehicle driven by his fiancee, Carla Wright. At approximately 2:00 a.m., Ms. Wright lost control of the vehicle and drove into an adjacent body of water. Walter E. Lafferty, Jr., died from the injuries he received in the accident. This case arose from an insurance dispute concerning a claim by the estate of Walter E. Lafferty, Jr. (the "Estate") that he was covered under his father's automobile insurance policy with State Farm Mutual Automobile Insurance Co. ("State Farm") at the time of his death. It is undisputed that Walter E. Lafferty, Jr., was not a named insured under the State Farm policy and that the vehicle involved in the accident did not belong to his father. Rather, the sole issue is whether Walter E. Lafferty, Jr., was a "resident relative" of his father's so as to be treated as an insured under the terms of the policy.

After State Farm denied coverage for Walter E. Lafferty, Jr., the Estate filed the instant action in the Circuit Court of Fayette County. In its suit, the Estate claimed underinsured motor vehicle coverage in the amount of $100,000 and medical payment coverage in the amount of $25,000 pursuant to the State Farm policy. State Farm removed the action to this court on February 22, 2010, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. State Farm also asserted a counterclaim against the Estate, seeking a declaratory judgment that it owed no coverage to the decedent or the Estate. In essence, State Farm maintains that the decedent was neither a named insured nor a "resident relative" under the policy. The Estate asserts that a genuine issue of material fact exists as to whether the decedent fits within the policy's definition of a "resident relative." These issues have been fully briefed and are now ripe for review.[1]

## II.     Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from

---

[1] The parties have since agreed to a dismissal with prejudice of the claims asserted in the Complaint. *See* Order of Feb. 24, 2011 [Docket 31]. Nevertheless, State Farm's counterclaim for a declaratory judgment, as well as its summary judgment motion, remains pending.

which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

## III. Discussion

The court begins its analysis with the terms of the policy held by Walter E. Lafferty, Sr., with State Farm. The policy's underinsured motor vehicle provision provides for coverage for bodily injury sustained by an "insured," which is later defined to include "resident relatives." The medical payments portion of the policy is in accord. The term "resident relatives" is defined in the policy as "a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured," and who is: (1) "related to that named insured or his or her spouse by blood, marriage, or adoption. An unmarried and unemancipated child of that named insured or his or her spouse is considered to reside primarily with that named insured while that child is away at school"; or (2) "a ward or a foster child of that named insured, his or her spouse, or a *person* described in 1. above." (Ex. A, Mot. for Sum. Judg. [Docket 24-1], at 4-5.) The parties agree that the critical portion of this

definition is "resides primarily," and they focus their arguments on whether the decedent primarily resided with his father.

Although the plain language of the State Farm policy is readily understable, it is worth noting that courts in other jurisdictions have interpreted the policy term "resides primarily" to mean that the person resided at one particular place "for the most part" or "chiefly." *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Harris*, 882 So. 2d 849, 854 (Ala. 2003) ("[W]e fail to see how a person may 'primarily' or 'for the most part' live in more than one place at one time."); *State Farm Mut. Auto. Ins. Co. v. Fultz*, No. 2:06-cv-15, 2007 WL 2789461, at *4 (N.D. W. Va. Sept. 24, 2007). These holdings comport with the meaning given to a similar policy term, "resident of your household," by the Supreme Court of Appeals of West Virginia. *See Farmers Mut. Ins. Co. v. Tucker*, 576 S.E. 2d 261, 270 (W. Va. 2002). The *Tucker* Court read that term to mean a person who dwells with a named insured "in a manner and for a sufficient length of time so that they could be considered to be a family living together." *Id.* at 270. Among the factors the Supreme Court found relevant were

> the intent of the parties, the formality of the relationship between the person in question and the other members of the named insureds' household, the permanence or transient nature of that person's residence therein, the absence or existence of another place of lodging for that person, and the age and self-sufficiency of that person.

*Id.*[2]

---

[2] The court notes that the decision in *Tucker* is distinguishable because the policy in that case did not define the term "resident of your household." 576 S.E. 2d at 270. Moreover, the *Tucker* Court focused on the unique meaning in the law given to the broad and unrestricted terms "resident" and "household." *Id.* at 266-70. In this case, by contrast, the State Farm policy defines the term "resident relative" to include the important phrase "resides primarily." The court agrees with the authorities above in concluding that "primarily" means something more than mere residence in a household. *See, e.g.*, *Harris*, 882 So. 2d at 854.

State Farm points to the following evidentiary materials as conclusive proof that the decedent did not primarily reside with his father at his home on Miller Bragg Circle. First, the decedent's mother and father lived in government-subsided housing on Miller Bragg Circle, and, in connection therewith, stated to government authorities that they were the only occupants. Moreover, on August 22, 2008, Walter E. Lafferty, Jr., and his fiancee signed a written statement to the public housing authorities stating that they did not in fact reside at his father's house. (Ex. E, Mot. for Sum. Judg. [Docket 24-5].)

In addition to those documents, State Farm has provided deposition testimony from Walter E. Lafferty, Sr., the decedent's mother Virginia Ann Lafferty, and Carla Wright all explaining that the decedent resided at a trailer on Phillips Lane, not at the home on Miller Bragg Circle. In fact, the decedent's mother testified that the decedent "resided at his mobile home on 106 Phillips Lane. That's where he lived when he got killed." (Ex. C, Virginia Ann Lafferty Depo. [Docket 24-3], at 31-32.) Mr. Lafferty, Sr., testified that his son stayed at the trailer "the majority of the time." {Ex. B, Walter E. Lafferty, Sr., Depo. [Docket 24-2], at 42.) Finally, Carla Wright testified that she and the decedent resided in the trailer, and nowhere else, from August 2008 until the time of the decedent's death in 2009.

In response to these materials, the plaintiffs have submitted just two items: a sworn affidavit of Walter E. Lafferty, Sr., and a sworn affidavit of Virginia Lafferty, both dated February 14, 2011. The affidavits are identical, stating that the decedent's "routine was to spend most nights at the trailer he lived in his with fiancé, however, most days he stayed at our house. He was there several hours, many days per week." (Ex. 1, Aff. of Walter E. Lafferty, Sr. [Docket 27-1], ¶ 4.) The affidavits further state that, on the weekends, the decedent would come to the home and often stay

-5-

all night with his children. Accordingly, the affiants assert that, while the decedent "may not have spent a majority of nights at our home, looking to hours per day he spent a significant amount of time at our house on a daily basis." (*Id.* ¶ 6.) Finally, they assert that the decedent had some personal effects at the home and occasionally received mail there.

These latter two affidavits are insufficient to create a genuine issue of material fact that would preclude summary judgment. The two affidavits may be sufficient to create an issue of material fact as to whether the decedent spent a large amount of time at his father's residence, but that fact is not material to the resolution of this dispute. Rather, if the phrase "resides primarily" is to have any meaning, it must be the case that the decedent would have to primarily reside at his father's home on Miller Bragg Circle to be a resident relative. That he did not *primarily* reside on Miller Bragg Circle is not controverted, however. Indeed, the fact that he resided elsewhere is established by the decedent's own signed writing to the public housing authorities, as well as by the deposition testimony of the insured, the decedent's mother, and his fiancee. Moreover, the affidavits themselves (the only evidence submitted in opposition to summary judgment) concede that the decedent spent "most nights in the trailer that he lived in with his fiancé." The Estate's interpretation of the policy language would extend "resident relative" coverage to frequent guests among close-knit family members, when the clear policy language limits coverage to those who primarily reside with the named insured.

In light of these materials, there is no genuine issue of material fact as to where the decedent primarily resided. Rather, it is uncontroverted that the decedent primarily resided elsewhere with his fiancee. Accordingly, the court rules as a matter of law that the decedent was not a "resident relative" entitled to coverage under his father's State Farm policy. Accordingly, the court **GRANTS**

State Farm's Motion for Summary Judgment and **ENTERS** judgment in State Farm's favor on its counterclaim for declaratory relief.

**IV.     Conclusion**

Pursuant to the foregoing, State Farm's Motion for Summary Judgment [Docket 24] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 25, 2011

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge